46434

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In: <br> Ray Ibrahim | Case No. 14-39445 |
| Debtor. | Judge Jack B. Schmetterer |
| Marquette Bank | ADVS NO. |
| Plaintiff, | |
| v. | 2015 A 00241 |
| RAY IBRAHIM | |
| Defendant. | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Order of Default entered against Defendant Ray Ibrahim (Docket No. 16) and because the allegations of the Complaint are taken as confessed against Ray Ibrahim, the following findings of fact and conclusions of law are made and entered:

1. Ray Ibrahim filed an original petition under Chapter 7 of the Bankruptcy Reform Act of 1978 (Title 11 U.S.C.) on October 30, 2014.

2. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1409(a).

3. Jurisdiction is vested in this Bankruptcy Court over this adversary proceeding pursuant to 11 U.S.C. § 523, 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4. Prior to filing his bankruptcy, 3845 W. Roosevelt Road, Chicago, Illinois ("Roosevelt Property") was owned by 3845 W. Roosevelt Road, LLC. Debtor and his wife Bseina are the co-managers of this limited liability company.

5. The Roosevelt Property is improved with a 5 unit commercial strip shopping plaza and was 80% rented on the date Debtor filed his individual bankruptcy petition.

6. 3845 W. Roosevelt Road, LLC assigned the rents of the Roosevelt Property to Plaintiff. Both the Mortgage and the Assignment of Rents give Plaintiff, not the Debtor, a power of attorney to collect rents from the Roosevelt Property.

7. On July 1, 2014 the first mortgage loan had a contractual delinquency of $164,683.27 with a balance owed of $546,673. The second mortgage loan had a contractual delinquency of $53,036.25 with a balance owed of $1,302,015.86. The Ibrahim Bankruptcy Schedules, at Schedule D, admit that the combined mortgage balances far exceeded the value of the collateral.[1]

8. Marquette Bank filed a Complaint for Mortgage Foreclosure on July 17, 2014.

9. On July 23, 2014 Ray Ibrahim was served with both the foreclosure Complaint and Marquette Bank's Motion for Appointment of a Receiver for the Roosevelt Property. Debtor was served in his capacity as Registered Agent of the corporate owner of the Roosevelt Property. Attached to the Complaint as Exhibits B, C and D are true and correct copies of the foreclosure Complaint, the

---

[1] The Ibrahim Bankruptcy Schedules are referenced herein and found at 14 B 39445 at Docket No. 1.

{00212517}                                    2

Petition to Appoint Receiver and the Affidavit of personal Service made upon Debtor on July 23, 2014.[2]

10. After being personally served with the foreclosure Complaint and the Petition for Appointment of a Receiver, Debtor systematically contacted the Roosevelt Property tenants in order to collect and keep current and pre-paid rents owed to Plaintiff and pledged as collateral to Plaintiff.

11. Attached to the Adversary Complaint as Group Exhibit E are true copies of rent payments and rent receipts from tenant Ali Beauty Supply ("Ali") and Big Daddy Foods showing that after July 23, 2014, with knowledge that Plaintiff and not Defendant was entitled to the rents, Defendant demanded and collected the following rent payments from tenants at the Roosevelt Property:

    a. July 28, 2014, Ali Check No. 1028 for $9,200;

    b. July 28, 2014, Ali Check No. 1029 for $6,000;

    c. August 1, 2014, Ali Receipt No. 246803 for $19,500; and

    d. October 13, 2014, Ali Receipt No. 246802 for $3,900.

    e. At the initial meeting of creditors the Debtor testified that in August, 2014 he obtained pre-paid rents from tenant Big Daddy Food for the period up through and including December, 2014. The monthly rental amount is $4,583.33, making the advance rent paid by Big Daddy Food to Debtor for the period up through and including December, 2014 $18,333.32.

12. The total pre-petition rent belonging to Plaintiff and taken by Ray Ibrahim was $56,933.32.

13. Debtor, in his individual capacity, had no right to the rents.

---

2. The voluminous loan documents have not been attached, but can be found at 14 B 39445, Docket 21, attached to the Marquette Bank Motion for Relief from Stay and are incorporated herein by reference.

{00212517}    3

14. After the appointment of the state court Receiver and after filing bankruptcy, Debtor continued to collect rents from the Roosevelt Property even though he knew he had no authority to do so. Attached to the Adversary Complaint as Exhibit F are true and correct copies of three additional Roosevelt Property rent payments (total of $8,361.00) from MobileLink, LLC payable to Ray Ibrahim for the period December, 2014 through and including February, 2015. To avoid detection of his diversion of these rents, Debtor directed the tenant to send the 2015 payments to him using his wife's address in Ohio.

15. Debtor took the rents under false pretenses in that he was not authorized to receive or retain the rents pledged as collateral to Plaintiff.

16. Debtor knew that the rents for the Roosevelt Property were not his and that they belonged to Plaintiff.

17. Debtor knew that the rents been pledged by the owner, 3845 W. Roosevelt Road, LLC to Marquette Bank.

18. Debtor knew that the rents were demanded by the Bank in the pending foreclosure case and Petition for Appointment of Receiver.

## $65,294.32 PROPERLY EXCEPTED FROM DISCHARGE - 11 U.S.C. 523(a)(2)(A)

19. Pursuant to 11 U.S.C. 523(a)(2)(A) "(i)n order to except a debt from discharge on the basis of actual fraud, a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the discharge dispute. *In re Jahelka*, 442

{00212517}  4

B.R. 663 at 669 (Bankr. N.D. Ill. 2010); *see also Ryan*, 408 B.R. 143 at 157 (Bankr. N.D. Ill. 2009); *In re Scarpello*, 272 B.R. 691 at 701 (Bankr. N.D. Ill. 2002); *In re Jairath*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001)." *In re Glenn*, 502 B.R. 516, 531-32 (Bankr. N.D. Ill. 2013) aff'd sub nom. *Sullivan v. Glenn*, 526 B.R. 731 (N.D. Ill. 2014) aff'd, 782 F.3d 378 (7th Cir. 2015).

20. Intent to deceive is measured by the debtor's subjective intention at the time of the fraudulent conduct. *See Scarpello*, 272 B.R. at 700; *see also CFC Wireforms v. Monroe (In re Monroe)*, 304 B.R. 349, 356 (Bankr.N.D.Ill.2004) (Schmetterer, J.).

21. Debtor acted with the subjective intent to deprive Marquette Bank the use of the rental income without authority.

22. The act of taking $65,294.32 in rental income without permission or authority is a fraud.

23. The fraud created the debt that is the subject of this dispute.

## $65,294.32 PROPERLY EXCEPTED FROM DISCHARGE - 11 U.S.C. 523(a)(4)

24. Section 523(a)(4) of the Code also excepts from discharge any debt for "larceny." 11 U.S.C. § 523(a)(4).

25. For purposes of section 523(a)(4), larceny means "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *American Honda Fin. Corp. v. Ippolito (In re Ippolito)*, Nos. 12-70632-ast, 12-8403-ast, 2013 WL 828316, at *7 (Bankr. E.D.N.Y. Mar. 6, 2013) (internal quotation omitted). *In re Ludwig*, 527 B.R. 614, 621 (Bankr. N.D. Ill. 2015).

{00212517}                              5

26. Ray Ibrahim did not have the consent of the owner to take rents from the Roosevelt Property and use the rents for payment of his personal expenses.

27. Ray Ibrahim fraudulently and wrongfully took $65,294.32 in rents from the Roosevelt Property with intent to convert such property without the consent of the rightful owner.

28. The fraudulent intent necessary for a larceny claim is a "felonious intent" intent to deprive the owner of his property. *FDIC v. Barrick (In re Barrick)*, 518 B.R. 453, 461-62 (Bankr. N.D. Ill. 2014); *Iwaszczenko v. Neale (In re Neale)*, 440 B.R. 510, 520 (Bankr. W.D. Wis. 2010). "Intent may properly be inferred from the totality of the circumstances and the conduct of the person accused," *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 904 (7th Cir.1991).

29. Felonious intent is properly inferred from the totality of the circumstances.

### COUNT III – DENIAL OF DISCHARGE 11 U.S.C. § 727(A)(3) DEBTOR CONCEALED AND FAILED TO KEEP OR PRESERVE INFORMATION, INCLUDING BOOKS FROM WHICH DEBTOR'S FINANCIAL CONDITION OF BUSINESS TRANSACTIONS MIGHT BE ASCERTAINED.

30. Debtor's Statement of Financial Affairs, at paragraph 1, indicated that he had no 2014 income from employment or operation of a business. 14-39445, Docket 1, SOFA, par. 1.

31. Debtor's Schedule B disclosed no checking or savings accounts and only $30.00 in cash as of the date the petition was filed. 14-39445, Docket 1.

{00212517}    6

31. Debtor was asked to produce his personal and business records in order to corroborate the representations described in the preceding paragraph. He failed to produce any records from which the Debtor's financial condition or business transactions could be verified.

32. Debtor has failed to produce any financial records relating to his ability to pay for his expenses within 90 days of filing his bankruptcy.

33. Debtor has failed to produce the financial information relating to the operation of the Roosevelt Property, including rent rolls and bank account statements which should show the receipt and deposit of rents and security deposits.

34. Notwithstanding the contrary statements in his sworn bankruptcy schedules, Debtor collected over $56,933.32 in pre-petition rents from tenants of the Roosevelt Property within ninety days of filing his bankruptcy, and spent these funds just prior and immediately after filing bankruptcy.

35. Debtor has failed to produce documents to show he was entitled to receive, retain and spend any of the rent proceeds. Even if Debtor had produced such documents, his receipt and retention of the Roosevelt Property rent was not disclosed in his schedules. See the Statement of Financial Affairs, at paragraph 1, which states that he had no business income during 2014. 14-39445, Docket 1, SOFA, par. 1.

35. Debtor was requested to provide all the financial records relating to the Roosevelt Property, but has failed or refused to deliver any financial records.

36. Debtor failed to keep, maintain or preserve books and records from which the location or disposition of Plaintiff's collateral, the rents from the Roosevelt Property tenants, could be ascertained.

37. This constitutes a failure to keep, maintain or preserve books and records from which Debtor's financial condition or business transactions could be ascertained pursuant to 11 U.S.C.A. § 727(a)(3).

## COUNT IV – DENIAL OF DISCHARGE 11 U.S.C. § 727(A) (4) DEBTOR MADE A FALSE OATH

38. Debtor admitted collecting over $56,933.32 in rents from tenants of the Roosevelt Property within ninety days of filing his bankruptcy. His receipt and retention of this rental payment was not disclosed in his schedules. The Statement of Financial Affairs, at paragraph 1, states that he had no business income during 2014. Schedule B shows no cash. The Statement of Financial Affairs, at paragraph 2, states that Debtor's only source of income was from Food Stamps. 14-39445, Docket 1.

39. Within 30 days of filing his bankruptcy case, Debtor made the following payments to or for the benefit of insiders:

      a. 10-6-15 Daughter's High School Tuition    $ 7,920.00
      b. 10-7-15 Daughter's High School Tuition    $ 1,980.00
      c. 10-1-15 Ohio Rent for wife and children     $ 6,300.00
      d. 10-5-15 Ohio Rent for wife and children     $10,500.00
      e. 10-15-15 Rent paid to cousin                $ 5,600.00

Complaint, Group Exhibit G.

40. Debtor failed to report these payments to creditors in Paragraph 3 of the Statement of Financial Affairs. 14-39445, Dkt. 1 at p. 32.

41. Debtor collected $65,294.32 in rents from tenants of the Roosevelt Property and then used those rents to pay and prefer his personal creditors and those of his family.

42. Debtor's Schedules represent that he had no income in 2014. The Statement of Financial Affairs, at paragraphs 1 and 2 state that his only income came from food stamps. 14-39445, Docket 1 at pars. 1 and 2. At his 2004 Exam, Debtor admitted that he took Roosevelt Property rents and that his SOFA paragraphs 1 and 2 are incorrect.

43. Debtor is a co-manager 3845 W. Roosevelt Road, LLC and Tanya's Management III, LLC. Both of these companies shared the same address as the Debtor. Debtor failed to disclose that he has an interest in these corporations. Each company owned or managed investment properties. Debtor failed to produce the financial records from those businesses. See 14-39445, Docket 1, Schedule B, paragraph 13 and SOFA, Par. 18.

44. Debtor's schedules show that his residence address is 7501 N. Olcott Avenue, Chicago, IL. At his Rule 2004 Examination, Debtor testified that this was incorrect and he has been living instead 4957 W. Foster, Chicago, Illinois.

45. Debtor failed to disclose that he had used Plaintiff's Roosevelt Property rents to prepay the rent on

{00212517} 9

his new apartment and further failed to disclose his pre-petition housing arrangements.

46. Debtor made each of the foregoing statements under oath.

47. Each of the foregoing statements were false.

48. The Debtor knew each of the foregoing statements were false.

49. The Debtor made the foregoing statements with fraudulent intent in that he intended not to disclose assets which could be recaptured for the benefit of his creditors and hide financial records which could be used to verify or refute the representations made in his bankruptcy filings.

50. The misstatements and omissions made by the Debtor in his Schedules are material to the bankruptcy estate. Each misstatement and omission relates directly to the wrongful usurpation of control over assets that did not belong to the Debtor and to the corresponding concealment of payments which could be recovered by the Trustee for the benefit of creditors.

51. Debtor's misstatements and omissions constitutes a false oath which precludes discharge for this Debtor pursuant to 11 U.S.C.A. § 727(a)(4).

_____
Bankruptcy Judge Jack B. Schmetterer

July 2, 2015

{00212517}                                    10